Filed 3/10/25  P. v. Hancock CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH HANCOCK,<br><br>        Defendant and Appellant. | A169052<br><br>(Alameda County<br>Super. Ct. Nos. 22-CR-008594,<br>22-CR-008600, 22-CR-008850) |

Joseph Hancock challenges a trial court order revoking his three-year term of parole and remanding him to the custody of the California Department of Corrections and Rehabilitation (CDCR).  On appeal, Hancock accepts that there was sufficient evidence he violated parole, but he contends that the court should not have remanded him to CDCR's custody under Penal Code[1] section 3000.08, subdivision (h) (section 3000.08(h)), because this provision is inapplicable to parolees who are not serving lifetime parole.  The trial court issued the order in response to this court's suggestive *Palma*[2] notice in a related writ proceeding, in which CDCR challenged the trial court's original decision that section 3000.08(h) did not require Hancock's

_____

[1]All undesignated statutory references are to the Penal Code.

[2]*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171.

return to CDCR's custody.  Having reconsidered our ruling in the writ proceeding in light of subsequent case law, we conclude the trial court's original decision was correct.  Accordingly, we reverse the order committing Hancock to CDCR's custody and remand the matter for the court to impose a proper remedy for his parole violation.

## BACKGROUND

In 1999, a jury convicted Hancock of second degree murder (§ 187, subd. (a)) and assault with a deadly weapon (§ 245, subd. (a)).  The trial court sentenced him to 39 years to life in prison with the possibility of parole.  At the time of sentencing, Hancock would have been subject to lifetime parole under section 3000.1 if he were placed on parole.

In 2020, the Legislature passed Senate Bill No. 118 (2019–2020 Reg. Sess.), which implemented section 3000.01.  (Stats. 2020, ch. 29, § 18.)  The law applies to any person released from prison on or after July 1, 2020, and it governs the parole periods for those subject to supervision under section 3000.08.  As relevant here, the law limits parole terms to three years for inmates serving an indeterminate sentence.  (§ 3000.01, subd. (b).)

In October 2020, Hancock was released on parole for a term of three years.  In 2022, while on parole, he allegedly committed sex crimes involving a child under the age of 14 years.  The district attorney brought charges and petitioned to revoke Hancock's parole.  Both the complaint and petition charged Hancock with two counts of committing a lewd act upon a child. (§ 288, subds. (a), (c)(1).)  The criminal complaint also alleged he engaged in substantial sexual conduct with a child under 14 years of age (§§ 288, 288.5, 1203.066, subd. (a)(8)) and had two prior felony convictions (§ 1170, subd. (b)), as well as various aggravating factors under California Rules of Court, rule 4.421.

In 2023, the parties reached a negotiated disposition, and Hancock pled no contest to one count of unlawful sexual intercourse with a minor (§ 261.5, subds. (d)–(f)) in exchange for placement on felony probation for two years and dismissal of the pending parole-revocation petition. Soon afterward, a parole agent supervisor notified the trial court of CDCR's position that Hancock—a "3000.01 PC lifer parolee"—had to be remanded into CDCR custody under section 3000.08(h). The court rejected CDCR's interpretation of section 3000.08(h), concluding that only people on lifetime parole—and not people like Hancock on parole for three years after completing a sentence for murder—are subject to mandatory return to CDCR under that provision.

CDCR filed a notice of appeal (case No. A168136) from the trial court's order finding that Hancock was not subject to section 3000.08(h) and releasing him from custody. A few days later, CDCR filed a petition for peremptory or alternative writ of mandate and/or other appropriate relief (case No. A168070), asserting that "[t]he trial court here had no discretion other than to determine that Hancock is subject to the remand provision of Penal Code section 3000.08, subdivision (h), because Hancock is on parole from a life sentence for second degree murder." CDCR sought a writ "directing the trial court to enforce Penal Code section 3000.08, subdivision (h)[,] as applied to Hancock."

This court issued a suggestive *Palma* notice, agreeing with CDCR's arguments in its writ petition and granting the trial court power and jurisdiction to reconsider its order reinstating Hancock's parole without remanding him into CDCR's custody. The trial court then vacated its previous ruling and issued a new order, finding Hancock's status as a person paroled following a murder conviction made him subject to section 3000.08(h)'s automatic-return-to-CDCR-custody sanction, even though he

was on parole for only three years (§ 3000.01, subd. (b)(2)). But in recognition that "[t]here is a potential meritorious argument on appeal" that "appears to . . . be a novel issue of statewide importance," the court stayed execution of Hancock's remand to CDCR custody "pending final determination of the order on appeal, whether that's in the First District Court of Appeal or the Supreme Court."[3]

Following the trial court's new order, we dismissed CDCR's writ petition in case No. A168070 as moot and dismissed CDCR's related direct appeal in case No. A168136, which CDCR abandoned after the order in the writ proceeding was issued. Hancock then filed the instant appeal from the court's new order.

## DISCUSSION

Section 3000.08(h) provides for mandatory remand to CDCR custody when a person on lifetime parole under section 3000.1 is found to have violated parole. The parties agree that, while Hancock was previously subject to lifetime parole under section 3000.1, the maximum period of his parole was reduced to three years by the 2020 enactment of section 3000.01, subdivision (b)(2). As section 3000.01 limited his parole term to three years when the court found he violated parole, Hancock contends the court was mistaken when, following our suggestive *Palma* notice, it remanded him to CDCR's custody under section 3000.08(h) given that he was no longer subject to lifetime parole. Reviewing this issue of statutory interpretation de novo (*People v. Wilson* (2021) 66 Cal.App.5th 874, 878), we agree with Hancock that the directives of our suggestive *Palma* notice were incorrect and have been superseded by subsequent case authority.

---

[3] We deny the People's motion to augment the record with seven exhibits that do not pertain to Hancock's challenge to the trial court's order.

Section 3000.08 governs available sanctions to remedy parole violations.  When a parolee has violated the conditions of parole, a trial court generally has discretion under section 3000.08, subdivisions (f) and (g), to modify or revoke parole, including the authority to sentence the person to county jail for up to 180 days or refer the person to a reentry court or other evidence-based program.  Under section 3000.08(h), however, "if Section 3000.1 . . . applies to a person who is on parole and the court determines that the person has committed a violation of law or violated his or her conditions of parole, the person on parole shall be remanded to the custody of the Department of Corrections and Rehabilitation and the jurisdiction of the Board of Parole Hearings for the purpose of future parole consideration." (See *People v. Reed* (2024) 103 Cal.App.5th 43, 52 (*Reed*) [if § 3000.08(h) is triggered, the options available under subds. (f) & (g) are no longer available].)

As relevant here, section 3000.1, subdivision (a)(1), provides:  "In the case of any inmate sentenced under Section 1168 for any offense of first or second degree murder with a maximum term of life imprisonment, the period of parole, if parole is granted, shall be the remainder of the inmate's life." But, as we have said, in 2020 the Legislature enacted section 3000.01, which provides, with two exceptions not applicable here, that "notwithstanding any other law," "[a]ny inmate sentenced to a life term shall be released on parole for a period of three years"  (§ 3000.01, subds. (b)(2), (d)).

In *Reed*, Division Three of this court held that when the parole term of a person serving a life sentence has been reduced to three years under section 3000.01, the person can no longer be considered a "lifetime parolee" under section 3000.1, with the result that section 3000.08(h)'s mandatory remand provision is not triggered.  (*Reed*, *supra*, 103 Cal.App.5th at pp. 51,

53, italics omitted.) Hancock argues that because he was serving a three-year parole term under section 3000.01, he is not a person to whom section 3000.1 applies and thus, the court erred in remanding him to custody under section 3000.08(h).

The Attorney General contends that *Reed* was wrongly decided, arguing that "[s]ection 3000.01's plain text demonstrates the Legislature only intended to shorten the parole periods of certain offenders, not eliminate the provision in section 3000.08(h) requiring first and second degree murderers to be returned to prison for annual parole consideration hearings as a sanction for violating their parole conditions or the law." He argues that section 3000.1's application to a parolee does not depend on the length of a defendant's parole term but is based solely on the offense of conviction: "Under section 3000.1 it is the type of criminal—first and second degree murderers—not the length of their parole period, that is the relevant factor for determining if a parolee who violates the law or his parole is subject to mandatory remand under section 3000.08(h)." The Attorney General suggests that sections 3000.1 and 3000.01 can be harmonized by allowing section 3000.01 to shorten the length of the defendant's parole term while leaving intact the remainder of the consequences of falling within the scope of section 3000.1, including the automatic remand provision in section 3000.08(h). In other words, the Attorney General maintains that a parolee can be subject to both section 3000.1 and section 3000.01. We cannot agree.

Section 3000.01 specifically states that it applies "notwithstanding any other law." (§ 3000.01, subd. (b).) "When the Legislature intends for a statute to prevail over all contrary law, it typically signals this intent by using phrases like 'notwithstanding any other law.'" (*In re Greg F.* (2012)

55 Cal.4th 393, 406.) " 'The statutory phrase "notwithstanding any other provision of law' has been called a " 'term of art' " [citation] that declares the legislative intent to override all *contrary* law.' " (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 983.) We presume the Legislature, when drafting section 3000.01 in 2020, knew section 3000.1 set forth a contrary period of lifetime parole for individuals convicted of murder and intended to impose a three-year parole period for such offenders paroled after July 1, 2020.

Additionally, section 3000.1 does not impose general consequences for being a person sentenced to a life term for murder. It imposes a term of parole for those persons and sets forth provisions governing that term of parole. Section 3000.01 imposes an alternate term of parole for a subset of persons sentenced to a life term. As *Reed* explained, for persons "sentenced to life for murder who were released on parole on or after July 1, 2020 . . . , the two statutes impose conflicting terms of parole. [Citations.] Hence, only one of the two statutes can control, and the Legislature signaled its intent for the later-enacted statute—section 3000.01—to preempt the conflicting, preexisting statute by including 'notwithstanding any other law' in section 3000.01, subdivision (b)." (*Reed*, *supra*, 103 Cal.App.5th at p. 53.)

Finally, as *Reed* also observed, the Legislature created two express exemptions from section 3000.01, for registered sex offenders and those with shorter parole terms (§ 3000.01, subd. (d)), demonstrating that had it intended to create another exemption for those convicted of murder with a maximum term of life imprisonment, it could have done so. (*Reed*, *supra*, 103 Cal.App.5th at p. 53.) Because Hancock's term of parole is governed by section 3000.01, not section 3000.1, he does not satisfy the initial condition for mandatory remand under section 3000.08(h): He is not a person on parole to whom section 3000.1 "applies."

Accordingly, we reverse the order remanding Hancock to CDCR's custody, and we remand the matter for the trial court to determine what penalty to impose for Hancock's violation of parole under section 3000.08, subdivisions (f) and (g).

## DISPOSITION

The finding that Hancock violated his parole is affirmed, but the order revoking Hancock's parole is reversed.  The matter is remanded for the trial court to determine what penalty to impose for Hancock's parole violation, as provided by Penal Code section 3000.08, subdivisions (f) and (g).

 

 

_____
Humes, P.J.

WE CONCUR:

_____
Banke, J.

_____
Langhorne Wilson, J.

*People v. Hancock*  A169052